SHANTILAL BROTHERS Ltd. (A Fiji Corporation), Plaintiff,

v.

K.M.S.T. WHOLESALES, Inc., Defendant

SHANTILAL BROTHERS Ltd. (An Australian Corporation), Plaintiff

v.

K.M.S.T. WHOLESALES, Inc., Defendant

CA No. 87-88
CA No. 88-88

High Court of American Samoa
Trial Division

December 2, 1988

62

Before REES, Associate Justice, TAUANU'U, Chief
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiffs, Frank Swett
        For Defendant, Asaua Fuimaono

We find the facts to be as follows:

1) The manager of the defendant corporation,
Jung Jun Yong, was employed until late 1986 or
early 1987 by another local company, Nam's
Wholesale. He had done business with the plaintiff
corporations on behalf of Nam's.

2) A representative of the plaintiff
companies, Mike Gohil, makes frequent trips to
American Samoa. During such a trip in October of
1986 he met with Jung Jun Yong. In contemplation
of the formation of the defendant corporation
(KMST) and of his impending association with it,
Mr. Jung signed a statement written out by Mr.
Gohil. Although the statement is not easy to
decipher, we read it as follows: "I agree to pay
all bank charges and interest on after 30 days 20%
per month."

3) During 1987 the defendant corporation
received various shipments of merchandise from the
plaintiff companies. Those proved at trial to have
been sent to plaintiff were billed on the following
dates at the following amounts:

Shantilal Fiji:

| | |
|---|---|
| Jan. 10, 1987 | US$ 6000 |
| Mar. 25, 1987 | US$ 6000 |
| May 25, 1987 | US$ 6000 |
| July 7, 1987 | US$ 960 |
| Aug. 25, 1987 | US$ 6000 |
| Sept. 24, 1987 | US$ 6000 |
| | |
| June 3, 1987 | F$ 1440 |

63

Sept. 21, 1987      F$   2520

Shantilal Australia:

| | |
|---|---|
| June 29, 1987 | US$ 33,439.37 |
| April 15, 1987 | US$ 37,793.34 |
| June 2, 1987 | US$  6,837.94 |
| July 21, 1987 | US$  7,284.16 |

4) Two other invoices for which plaintiff Shantilal Fiji seeks judgment against defendant KMST, dated February 20 and March 27, appear to be for shipments to Nam's Wholesale. The four invoices from Shantilal Australia are also made to Nam's Wholesale, but Mr. Jung admits that he received these goods on behalf of KMST.

5) The documents indicating the terms of payment on the April 15 and June 2 shipments from Shantilal Australia indicate that interest is to be charged at 8 1/2 per cent if payment is not made within 30 days after the arrival of the shipment. Documents associated with the other shipments either indicate a 20 per cent interest rate or do not specify an interest rate.

6) We have no evidence of the dates on which the shipments arrived. All or almost all of them seem to have been sent from China or Australia within a day or two of the billing dates. We therefore assume that each shipment arrived ten days after it was billed. Interest on each shipment would therefore begin accruing forty days after the billing date.

7) Defendant corporation has made no payments. At one point Mr. Jung did write some post-dated checks, but the first of these was dishonored by the bank for insufficient funds. Mr. Gohil says he has presented the rest of them and that the bank will not honor them; Mr. Jung points out that they have not been stamped by the bank, but admits there is not enough money in the KMST account to honor more than one or two of the checks.

From these facts we draw the following conclusions:

1) First, we conclude that when the parties agreed in October of 1986 to an interest rate of 20 per cent "per month" they meant "per year." (This is what Mr. Gohil testified the parties agreed to,

64

and it is the rate specified on most of the invoices.)

2) We note further that by making a contract in American Samoa to extend credit at the rate of 20 per cent per year Mr. Gohil and the plaintiff companies would appear to have committed the crime of usury. A.S.C.A. § 28.1510 specifies that usury is a Class A misdemeanor punishable by up to a year in prison and, in addition, by forfeiture to the debtor of the entire amount of the debt. Since the defendant in the cases before us did not plead usury as a defense, we need not decide whether the penalty of forfeiture applies only after a criminal conviction or whether it can be invoked by the defendant in a civil action.

3) The 20 per cent rate also violates the provision of A.S.C.A. § 28.1503 that interest on business loans shall not exceed 18 per cent annually. Plaintiff will therefore have judgment for pre-judgment interest at the rate of 18 per cent on all shipments except the two that specified 8 $1/2$ per cent interest.

4) Plaintiff Shantilal Australia argues that in addition to principal, interest, and bank charges, defendant should be liable to compensate it for the shift in the exchange rate since 1987 between Australian and United States dollars. Plaintiff could have protected itself against a disadvantageous shift in the exchange rate by specifying that payment was to be made in Australian dollars; instead it specified payment in American dollars. Two of the Shantilal Fiji contracts did specify payment in Fiji dollars, and judgment on these contracts will be in the current United States equivalent of the specified amount in Fiji dollars. Judgment on all other contracts will be in the amount of United States dollars originally agreed to by the parties. Plaintiff seems to have provided more than adequate protection for itself by charging defendant 20 per cent interest (enforceable to the extent of 18 per cent) when the Australia bank through whom payment was to be made is charging plaintiff only 8 $1/2$ per cent on these uncollected amounts.

5) Other than interest, the only bank charges proven to have been incurred by plaintiffs on account of defendant's non-payment are collection fees in the amount of $400 in Australian dollars.

6) Accordingly, plaintiff Shantilal Fiji shall have judgment in the total of the following amounts:

$6000 plus 18% interest from forty days after January 10, 1987 until today, December 1, 1988;

$6000 plus 18% interest from forty days after March 25, 1987 until today;

$6000 plus 18% interest from forty days after May 25, 1987 until today;

$960 plus 18% interest from forty days after July 7, 1987 until today;

$6000 plus 18% interest from forty days after August 25, 1987, until today;

$6000 plus 18% interest from forty days after September 24, 1987, until today;

The current value in United States dollars of $1440 in Fiji dollars, plus 18% interest from forty days after June 3, 1987, until today; and

The current value in United States dollars of $2520 in Fiji dollars, plus 18% interest from forty days after September 21, 1987, until today.

7) Shantilal Australia shall have judgment in the total of the following amounts:

$37,793.34 plus 8 $1/2$ % interest from forty days after April 15, 1987, until today;

$6,837.94 plus 8 $1/2$ % interest from forty days after June 2, 1987, until today;

$33,439.37 plus 18% interest from forty days after June 29, 1987, until today;

$7,284.16, plus 18% interest from forty days after July 21, 1987, until today; and

The current equivalent in United States dollars of $400 in Australian dollars.

8) Post-judgment interest on both judgments will accrue from today, December 1, 1988, at the rate of 12 per cent.

Counsel for plaintiffs shall submit to the Court no later than December 8, 1988, proposed judgments on behalf of Shantilal Australia and Shantilal Fiji in the respective totals of the amounts listed above.

It is so ordered.